[No. 39472-0-I.   Division One.   January 5, 1998.]

THOMAS V. ROBINSON, ET AL., *Appellants*, v. M.A. KHAN, ET AL., *Respondents*.

*Jonathan B. Noll, David Utevsky,* and *Vonda M. Sargent* of *Foster Pepper & Shefelman,* for appellants.

*Howard E. Richmond, Jr.,* for respondents.

BECKER, J. — We are asked to decide whether a plaintiff in a quiet title action is entitled to an order striking from the record of title a recorded personal services contract that is not technically an encumbrance. Because the mere presence of the contract on record casts doubt on the owners' otherwise unrestricted right to use and sell the property, we hold the recording of the document created a cloud on title, and the trial court erred in refusing a request to order it removed.

## FACTS

The Robinsons entered into an "Incentive Bonus Agreement" with the Khans on January 28, 1987. The Agreement stated that the Khans would provide consulting ser-

vices for the development of the Robinsons' property in Bellevue. In return, upon sale of the property by the Robinsons, the Khans were to receive 15 percent of the net proceeds from the sale. The Agreement contained a legal description of the Robinsons' property. It did not, however, convey any interest in the property.

On January 7, 1991, without notifying the Robinsons, the Khans recorded the Agreement in King County. In 1995, having discovered the recordation, the Robinsons filed suit requesting that the Agreement, which they asserted is an encumbrance, be removed from their title.

The trial court treated the Robinsons' complaint as a quiet title action. Upon the Robinsons' motion for summary judgment, the trial court entered an order declaring that the Agreement "does not affect title" to the Robinsons' property, and quieting title in the Robinsons. But the court refused to order the Agreement be removed from the title. The Robinsons appeal, contending the trial court granted them incomplete relief.

As a threshold matter, we refuse to review the Khans' argument that the trial court erred in failing to bar the Robinsons' claim based on the applicable statute of limitations. The Khans not only failed to file their own motion for summary judgment on the issue of the statute of limitations; they also filed no cross-appeal. A notice of cross-review is essential if the respondent "seeks affirmative relief as distinguished from the urging of additional grounds for affirmance."[1] The Khans' effort to have the Robinsons' claim barred by the statute of limitations is a request for affirmative relief. Because they filed no cross-appeal, the issue is not properly before this court.

In their appeal, the Robinsons ask this court for an order to strike and remove the Agreement from their record of title.

There are no disputed facts. Only issues of law are

---

[1]*Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 700 n.3, 915 P.2d 1146 (1996); RAP 2.4(a).

presented. We review de novo the issues of law decided on summary judgment.[2]

■ It is undisputed the Robinsons would be entitled to an order removing the Agreement from their record title if they demonstrated that it was an encumbrance. The court concluded that the quiet title order adequately demonstrated the Agreement was not an encumbrance; and because it was not an encumbrance, there was no reason to remove it. An encumbrance is "any right to, or interest in, land which may subsist in third persons, to the diminution of the value of the estate of the tenant."[3] By this definition, the Agreement is not an encumbrance because it neither conveys nor represents any right to, or interest in, the Robinsons' property.

The issue then is whether the court should have stricken the Agreement from the record title even though it is technically not an encumbrance. The court believed the recording of the document potentially served a function of giving notice:

> I have no idea whether or not it would have an effect in some way, given that there is a future between these parties, for him not to have given notice.
>
> Again, when the next developer comes in, should he know that there is a prior claim against the seller for the owner for this property? I'm not sure that there shouldn't be. And I'm not sure where you would do that other than through a recordation.

We first observe the Agreement is not the type of document the Khans have a recognized right to record. Generally, the purpose of the recording statute is "to make a deed recorded first superior to any unrecorded conveyance

---

[2]*Mountain Park Homeowners v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994).

[3]*Merlin v. Rodin*, 32 Wn.2d 757, 760, 203 P.2d 683 (1949).

of the property[.]"[4] A recording creates "a public record from which prospective purchasers of interests in real property may ascertain the existence of prior claims which might affect their interests."[5] The Robinson-Khan Agreement does not create a security interest or any other kind of interest in real property that might affect the interests of a prospective purchaser. The only reason the Khans have given for recording the Agreement is that they wanted to memorialize it. But making a personal services contract known to the world is not an intended purpose of the Washington recording statute.

People of course can and often do record documents to memorialize them even through there is no statute or caselaw specifically authorizing them to do so.[6] It should be noted that the authority of county auditors to accept documents for recording is not in question. Nothing in this opinion should be construed to restrict their authority, expand their duties, expose them to liability, or alter their present practice. The only question we address is the extent of relief available in court against a person who, without a proper purpose for doing so, has recorded a document in another's title.

■ The statute authorizing quiet title actions provides that a plaintiff may have judgment "quieting *or removing a cloud from* plaintiff's title."[7] Washington case law has not addressed cloud on title as a concept distinct from an encumbrance, but we have no reason to believe a court may remove only an actual encumbrance. The word "cloud" does not denote a hard-edged limitation. It is more appropriate to focus on whether the recorded document has any tendency to impair the fee owner's ability to

---

[4]*Altabet v. Monroe Methodist Church*, 54 Wn. App. 695, 697, 777 P.2d 544 (1989).

[5]6A RICHARD R. POWELL, POWELL ON REAL PROPERTY ¶ 904[3], at 82-13 (rev. ed. 1991).

[6]*See* 18 WILLIAM B. STOEBUCK, WASHINGTON PRACTICE, REAL ESTATE: TRANSACTIONS § 13.7, at 110-11 (1995).

[7]RCW 7.28.010 (emphasis added).

exercise the rights of ownership. An 1891 decision of the Michigan Supreme Court ably articulates a definition of cloud on title, which we hereby adopt:

> A cloud upon a title is but an apparent defect in it. If the title, sole and absolute in fee, is really in the person moving against the cloud, the density of the cloud can make no difference in the right to have it removed. Anything of this kind that has a tendency, even in a slight degree, to cast doubt upon the owner's title, and to stand in the way of a full and free exercise of his ownership, is, in my judgment, a cloud upon his title which the law should recognize and remove.[8]

Cloud upon title has also been defined to include an "encumbrance which is actually invalid or inoperative, but which may nevertheless impair the title to property."[9]

Paragraph 2(d) of the Robinson-Khan Agreement provides, "[u]pon sale of the Property by Robinson, Khan shall be entitled to fifteen percent (15%) of the Net Proceeds of the sale." This language, on its face, establishes the Khans as creditors having a right to proceeds when the Robinsons sell their property. All other things being equal, a buyer would prefer to purchase a property without such an Agreement recorded in the title. The presence of the Agreement on the record title is an unnecessary complication that will have to be explained to a buyer or title insurer unless it is paid off before any sale takes place. One may infer the Khans recorded the document in order to create this complication.

Because the recordation of the Agreement has the potential to stand in the way of the Robinsons' exercise of their ownership rights, we hold the Agreement is a cloud upon the title to the Robinsons' property even though it is

---

[8]*Whitney v. City of Port Huron*, 88 Mich. 268, 272, 50 N.W. 316, 317-18, (1891).

[9]65 AM. JUR. 2D *Quieting Title* § 9, at 148 (1972).

not an actual encumbrance. On remand, the trial court is directed to enter an order removing it.

## ATTORNEY FEES

The Robinsons requested a total of $4,830.45 in attorney fees and costs, relying on a contractual provision for attorney fees in the Agreement. The trial court awarded only $461.25. The Robinsons appeal the amount of the award. The Khans respond by arguing there was no basis for any award of attorney fees to the Robinsons because the action did not arise out of the Agreement.

In awarding fees, the trial court relied on Paragraph 10 of the Agreement, which provides, "[i]n any suit, proceeding or action to enforce any term, condition or covenant of this Agreement *or to procure an adjudication or determination of the rights of the parties hereto,* the most prevailing party shall be entitled to recover from the other party reasonable sums as attorney fees and costs[.]" (Emphasis added.)

While the Robinsons' action did not seek to enforce the terms of the Agreement, it did "procure an adjudication of the rights of the parties" thereto. The trial court properly relied on this contractual language as a basis for an award of fees and costs to the Robinsons as the "most prevailing party."

In light of our conclusion that the Agreement should have been stricken from the record, the Robinsons are entitled to an award of their reasonable attorney fees and costs for the entire action. They are also entitled to fees and costs on appeal. On remand the trial court shall determine the total amount of the award, including fees and costs for this appeal.

Reversed and remanded.

WEBSTER and Cox, JJ., concur.