[No. 48242-4-I.   Division One.   December 16, 2002.]

BRIAN FOSMO, *Appellant*, v. THE DEPARTMENT OF PERSONNEL, ET AL., *Respondents*.

*Paul H. King*; and *John R. Scannell* (of *Action Employment Law*), for appellant.

*Christine O. Gregoire, Attorney General,* and *Stewart A. Johnston, Assistant,* for respondents.

BAKER, J. — After the Washington State Ferries terminated Brian Fosmo's employment, he initiated grievance proceedings and negotiated his reinstatement. As a condition of reinstatement, Fosmo agreed to participate in a state employee assistance program and comply with its recommendations. Fosmo violated the agreement by refusing to submit a urine sample and was terminated. Fosmo sued, alleging his second termination was wrongful. The trial court dismissed Fosmo's complaint on summary judgment, and he appeals.

Fosmo's case turns on whether the terms of his reinstatement agreement violate the public policy set forth in RCW 41.04.730. Under that statute, nonparticipation in the employee advisory service (EAS) program "shall not be a factor in any decision affecting an employee's job security . . . ."[1] The reinstatement agreement signed by Fosmo required that he participate in the EAS program. However, because he was no longer an employee when he signed the

---

[1] RCW 41.04.730.

agreement, the agreement does not violate any clearly mandated public policy. We therefore affirm the trial court.

## I

Brian Fosmo worked for the Washington State Ferries (WSF) for 14 years. In 1996, he received a verbal warning for being unavailable for 10 days while he was on call. Later, he received a written reprimand for failing to report for duty. Less than one month later, he abandoned his required post while he was on watch duty.

On August 12, 1996, WSF terminated Fosmo. His labor representative then filed a grievance on his behalf. At the grievance meeting with WSF management, Fosmo and his representative negotiated a conditional reinstatement agreement. Under that agreement, WSF agreed to rescind Fosmo's termination and, instead, suspend him for 30 days. In return, Fosmo agreed to participate in the EAS program, the official employee assistance program for state employees, and comply with the program's recommendations.

Fosmo refused to participate in the EAS program. On October 14, 1996, WSF wrote a letter to Fosmo terminating him a second time. That letter stated: "As a result of your failure to comply with the re-instatement conditions, your termination is effective immediately."

Nearly three years later, Fosmo filed a complaint against the State, alleging breach of contract, invasion of privacy, negligence, and negligent infliction of emotional distress.[2] More than 14 months after the complaint was filed, the trial court entered an order permitting Fosmo to amend that complaint. The amended complaint replaced the original

---

[2] The complaint and the amended complaint name the following defendants: "State of Washington, Department of Personnel, and Employee Advisory Service." The State contends that Fosmo's claims are barred by the statute of limitations because his failure to name WSF and/or the Department of Transportation was inexcusable neglect. In light of the State's failure to file a cross-appeal, we decline to address this argument. *See Robinson v. Khan*, 89 Wn. App. 418, 420, 948 P.2d 1347 (1998) (explaining that an effort to have claims barred by statute of limitations is a request for affirmative relief that is available only if a cross-appeal is filed).

causes of action with a new wrongful termination cause of action. The trial court related the new cause of action back to the date Fosmo filed the original complaint.[3] The trial court later dismissed Fosmo's complaint on summary judgment.

## II

Fosmo contends that the trial court erred by dismissing his wrongful termination complaint on summary judgment.

When reviewing an order granting summary judgment, an appellate court engages in the same inquiry as the trial court.[4] This court will affirm an order granting summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[5]

Fosmo argues that the State cannot fire an employee for not participating in the EAS program. Consequently, the terms of his reinstatement agreement violate public policy.

"It is well settled that parties may incorporate into a contract any provision that is not illegal or against public policy."[6] Agreements against public policy are unenforceable.[7]

A claim alleging wrongful termination in violation of public policy requires proof of four elements: (1) a clear mandate of public policy, (2) discouraging the conduct the employee engaged in would jeopardize that public policy, (3) the public-policy-linked conduct caused the termination,

---

[3] Although the State argues that this ruling was erroneous, it did not file a cross-appeal. *See Robinson*, 89 Wn. App. at 420; RAP 2.4(a). We therefore address only the cause of action set forth in the amended complaint and assume without deciding that it relates back.

[4] *Doolittle v. Small Tribes of W. Wash., Inc.*, 94 Wn. App. 126, 134, 971 P.2d 545 (1999).

[5] CR 56(c); *Doolittle*, 94 Wn. App. at 134.

[6] *Car Wash Enters., Inc. v. Kampanos*, 74 Wn. App. 537, 543, 874 P.2d 868 (1994).

[7] *Lehrer v. Dep't of Soc. & Health Servs.*, 101 Wn. App. 509, 513, 5 P.3d 722, *review denied*, 142 Wn.2d 1014 (2000).

and (4) the employer is not able to offer an overriding justification for the termination.[8]

Fosmo's claim fails on all four points, but consideration of the first element is sufficient to affirm the trial court's decision. The legislature established the EAS program to assist state employees "in resolving personal problems that impair their performance . . . ."[9] This was based on a legislative finding that "[a]ssisting employees in resolving personal problems that impair their performance will result in a more productive work force, better morale, reduced stress, reduced use of medical benefits, reduced absenteeism, lower turnover rates, and fewer accidents."[10]

■ Our Supreme Court has explained how to determine whether a clear mandate of public policy has been violated:

> "[C]ourts should inquire whether the employer's conduct contravenes the letter or purpose of a constitutional, statutory, or regulatory provision or scheme. Prior judicial decisions may also establish the relevant public policy. However, courts should proceed cautiously if called upon to declare public policy absent some prior legislative or judicial expression on the subject."[11]

■ Fosmo alleges that there is a clear mandate of public policy in RCW 41.04.730. That section of the statute explains that participation or nonparticipation in the employee assistance program "shall not be a factor in any decision affecting an employee's job security . . . ."[12]

Fosmo was initially terminated by the Washington State Ferries for flagrant, unexcused absenteeism, not for refusing to participate in the EAS program. Through his union,

---

[8] *Sedlacek v. Hillis*, 145 Wn.2d 379, 387, 36 P.3d 1014 (2001); *Gardner v. Loomis Armored, Inc.*, 128 Wn.2d 931, 941, 913 P.2d 377 (1996).

[9] RCW 41.04.700(1).

[10] RCW 41.04.700(1).

[11] *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 232, 685 P.2d 1081 (1984) (emphasis omitted) (quoting *Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 380, 652 P.2d 625, 631 (1982)).

[12] RCW 41.04.730.

he filed a grievance contesting his termination. He then negotiated a settlement agreement. As a condition of his reinstatement, Fosmo agreed to be assessed by the EAS program, comply with its recommendations, and submit to drug testing.

The reinstatement agreement at issue in this case made participation in the EAS program a condition of reinstatement and continued employment. When Fosmo agreed to the conditions of his reinstatement, he were no longer a state employee. When he violated the conditions of his conditional reinstatement he was properly terminated. No clear mandate of public policy was implicated. The statute does not set forth any relevant public policy that terminated employees cannot agree to participate in the EAS program, nor that having violated the terms of their own agreement they cannot be dismissed. The State is therefore entitled to judgment as a matter of law.

Affirmed.

GROSSE, J., concurs.

APPELWICK, J. (concurring in the result only) — Brian Fosmo contends that the trial court erred by dismissing his wrongful termination complaint on summary judgment. I concur in the result reached by the majority that summary judgment was appropriate.

The cause of action pleaded in Fosmo's amended complaint is wrongful discharge in violation of public policy.[13] The crux of Fosmo's case is whether the terms of his reinstatement contract violate public policy.

"It is well settled that parties may incorporate into a contract any provision that is not illegal or against public

---

[13] An employee claiming wrongful discharge in violation of public policy must prove the following four elements: (1) a clear mandate of public policy, (2) discouraging the conduct at issue would jeopardize that public policy, (3) the public-policy-linked conduct caused the termination, and (4) the employer is not able to offer an overriding justification for the termination. *Sedlacek v. Hillis*, 145 Wn.2d 379, 387, 36 P.3d 1014 (2001); *Gardner v. Loomis Armored Inc.*, 128 Wn.2d 931, 941, 913 P.2d 377 (1996).

policy." *Car Wash Enters., Inc. v. Kampanos*, 74 Wn. App. 537, 543, 874 P.2d 868 (1994). Agreements that are against public policy are unenforceable. *Simburg, Ketter, Sheppard & Purdy, L.L.P. v. Olshan*, 97 Wn. App. 901, 909, 988 P.2d 467 (1999).

Fosmo alleges that there is a clear mandate of public policy in RCW 41.04.730. That section of the statute explains that participation or nonparticipation in the employee assistance program "shall not be a factor in any decision affecting an employee's job security." The employee assistance program was established to assist state employees "in resolving personal problems that impair their performance." RCW 41.04.700(1). This was based on a legislative finding that "[a]ssisting employees in resolving personal problems that impair their performance will result in a more productive work force, better morale, reduced stress, reduced use of medical benefits, reduced absenteeism, lower turnover rates, and fewer accidents . . . ." RCW 41.04.700(1).

Using the word "shall," RCW 41.04.730 expressly prohibits nonparticipation in the employee assistance program from being used as a factor in any decision affecting an employee's job security. The statute literally read applies to all employment: initial hiring, continued employment, reinstatement, and rehiring. The legislature created no exception to RCW 41.04.730 for circumstances such as those presented in this case where an employee is reinstated. Arguably, such an exception would be consistent with the statute's underlying policy. The majority opinion creates such an exception to the statute. However, such policy decisions are the province of the legislature, not this court.

Once reinstated, Fosmo was employed by the State and RCW 41.04.730 applied. The reinstatement contract at issue in this case made participation in the employee assistance program a condition of reinstatement and continued employment. This violated the public policy set forth in RCW 41.04.730 and this condition must be stricken from the agreement.

"When part of an agreement is illegal and thus unenforceable, but part is legal and enforceable, a court may enforce the legal part 'only where the unenforceable portion is not an "essential part" of the consideration given to support the contract.'" *Nolte v. City of Olympia*, 96 Wn. App. 944, 958, 982 P.2d 659 (1999) (quoting *Yakima County (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 396, 858 P.2d 245 (1993)).

WSF agreed to rescind Fosmo's termination and reinstate Fosmo with only a 30-day suspension. In return for his reinstatement, Fosmo agreed to participate in the Employee Advisory Service program. His agreement was the essential consideration given to support reinstatement. That consideration has failed. As a result, the entire reinstatement contract is unenforceable for lack of consideration.

If the entire contract is unenforceable, this court will restore the "parties to the relative positions they would have occupied if no contract had ever been made." *Willener v. Sweeting*, 107 Wn.2d 388, 397, 730 P.2d 45 (1986).

We should therefore restore the parties to the respective positions they would have occupied if this reinstatement contract had not been exempted. Fosmo is restored to the status of a terminated employee.[14]

The State is therefore entitled to judgment as a matter of law.

Review denied at 149 Wn.2d 1033 (2003).

---

[14] We note that Fosmo did not file a complaint for wrongful termination following his first termination.