# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

INGLEWOOD HOLDINGS, LLC, a
Delaware limited liability company;
GOLDEN SUN, LLC, a Washington
limited liability company; SAGEWOOD
HOLDINGS, LLC, a Delaware limited
liability company; SEABELL, LLC, a
Washington limited liability company;
WOODLAKE ESTATES, LLC, a
Washington limited liability company;
PLANTATION HOLDINGS OF
WHATCOM LLC, a Delaware limited
liability company; STEBNER REAL
ESTATE, INC., a Washington
corporation,

                   Appellants,

     v.

JONES ENGINEERS, INC., PS, a
Washington professional service
corporation; DARCY JONES and
JANE DOE JONES, husband and wife
and the marital community thereof;
and JONES LAW GROUP, PLLC, a
Washington professional limited liability
company,

                   Respondents.

No. 74566-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: January 30, 2017

TRICKEY, A.C.J. — Inglewood Holdings, LLC and several other parties (collectively, Inglewood) appeal the trial court's dismissal on summary judgment of its quiet title and slander of title claims against Jones Engineers, Inc. and other parties (collectively, Jones Engineers). Inglewood argues that the court erred by holding that its quiet title claim was moot and that it had not raised material questions of fact whether Jones Engineers's statements met all the elements of a slander of title action. Because the trial court could still order effective relief to

Inglewood on the quiet title claim, we reverse the dismissal of that claim. But we affirm the trial court's dismissal of Inglewood's slander of title claim because Inglewood did not present competent evidence that Jones Engineers's statements caused damages to Inglewood.

Inglewood sought a continuance from the trial court in order to uncover evidence of Jones Engineers's malicious behavior. It argues that the court abused its discretion by denying its motion for a continuance. Because Inglewood did not demonstrate good cause for the delay in seeking depositions from Jones Engineers, we affirm the trial court's denial of the request.

## FACTS

In 2008, Jones Engineers, Inc., PS (JEI) filed a lawsuit against Derek Stebner, several specific entities owned by Stebner, and "Stebner Entities" for breach of contract.[1] Stebner had signed the contract with his name followed by "Stebner Entities."[2] When asked about it at a deposition, Stebner said, "[W]hat am I going to do, write Derek Stebner and list all 14 companies? No one is going to do that. That's Stebner and all my entities."[3]

In 2013, the court awarded JEI a judgment of over $100,000 against "Defendants Derek R. Stebner, Stebner Entities; Canyon Holdings, Inc., a Washington corporation, and Plantation Builders, L.L.C., a Washington company."[4] The trial court found that Stebner was the "owner and authorized representative of the entity defendants" in the action and that he was "authorized

---

[1] Clerk's Papers (CP) at 76.
[2] CP at 118.
[3] CP at 92.
[4] CP at 88-89.

2

to bind the entity defendants."[5] It also found "Derek Stebner Entities" was a "moniker" that Stebner used when entering into contracts but that there was "no actual company named Derek Stebner Entities."[6]

Stebner appealed the judgment. While the appeal was pending, JEI recorded the judgment against Stebner and the Stebner Entities. JEI included a coversheet with the judgment that named many "Grantor[s]," including Inglewood Holdings, LLC; Golden Sun, LLC; Sagewood Holdings, LLC; Seabell, LLC; Woodlake Estates, LLC; Plantation Holdings of Whatcom, LLC; and Stebner Real Estate, Inc. (collectively, Inglewood).[7] The coversheet listed real properties belonging to Inglewood.

In July 2014, the Court of Appeals affirmed the judgment. But, concluding that the reference in the judgment to "Stebner Entities" was an "inadvertent error," the court remanded the case to the trial court to amend the judgment to delete "Stebner Entities."[8] Neither JEI nor Stebner immediately sought to amend the judgment.

In April 2015, Inglewood initiated the current action against JEI, Darcy Jones and Jane Doe Jones, and Jones Law Office PLLC (collectively, Jones Engineers) to quiet title, for slander of title, and for negligence. After this litigation began, Jones Engineers successfully moved the trial court to amend the original judgment to delete "Stebner Entities."[9]

Jones Engineers moved for summary judgment on all of Inglewood's

---

[5] CP at 106.
[6] CP at 107.
[7] CP at 19.
[8] CP at 125.
[9] CP at 73, 127-28.

claims. Inglewood opposed summary judgment and moved for a continuance. The trial court granted Jones Engineers's motion for summary judgment and denied Inglewood's motion for a continuance.

Inglewood appeals.

## ANALYSIS

Inglewood argues that the trial court erred by granting Jones Engineers summary judgment on all of Inglewood's claims. Jones Engineers responds that summary judgment was proper because the quiet title action was moot and Inglewood did not raise genuine issues of material fact whether it could prove every element of slander of title or negligence. We address each of Inglewood's claims in turn.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). "We review summary judgment orders de novo, considering the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party." Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015).

### Quiet Title

Inglewood argues that the trial court erred when it dismissed its quiet title action as moot. Jones Engineers argues that Inglewood's quiet title claim is moot because the judgment that allegedly encumbered Inglewood's titles has been amended to remove the Stebner Entities. We agree with Inglewood because the judgment and coversheet remain on the record title for Inglewood's

4

properties.

A case is moot when the court can no longer provide effective relief. Orwick v. City of Seattle, 103 Wn.2d 249, 253, 692 P.2d 793 (1984).

Relief in a quiet title action may include an order removing any clouds from the record title. Robinson v. Khan, 89 Wn. App. 418, 423, 948 P.2d 1347 (1998). A "cloud" on a title may be an encumbrance or a recorded document that "has any tendency to impair the fee owner's ability to exercise the rights of ownership." Robinson, 89 Wn. App. at 422-23. Even a contract, or other document that does not actually encumber a party's title, may be a cloud if it would create "an unnecessary complication that [would] have to be explained to a buyer or title insurer." Robinson, 89 Wn. App. at 423.

Here, Jones Engineers recorded a judgment and coversheet against Inglewood's properties. Inglewood moved to quiet title to numerous real properties whose titles were clouded by Jones Engineers's recording of the judgment and coversheet. As relief, it sought an order "removing the encumbrances on each of [its] real properties and quieting title" or, in the alternative, an order "declaring that [Jones Engineers] and the [Jones Engineers's] judgment states no right, title or claim whatsoever to any part of [Inglewood's] real properties."[10]

After Inglewood filed its complaint, Jones Engineers had the judgment amended to remove "Stebner Entities."[11] It does not appear that Jones Engineers argues that it currently has any right to encumber these properties.

---

[10] CP at 10.
[11] CP at 127-28.

But it also does not appear that either party has recorded the amended judgment or taken any action to remove the earlier judgment from the record title for these properties.

Jones Engineers argues that the coversheet is not a cloud on the title because only the judgment, not the coversheet, "determine[s] the legal chain of title." See RCW 65.04.047(1). The judgment itself does not list Inglewood and the other entities or describe the properties, but the coversheet does. But, even if the judgment did not actually encumber Inglewood's titles, the judgement and coversheet together give potential buyers "notice" of an obligation that might impact the property.[12] See RCW 65.04.070. Although there is no current encumbrance, having to explain the existence of the recorded judgment and coversheet creates unnecessary complications for Inglewood. Therefore, the coversheet clouds Inglewood's titles.

Since Jones Engineers does not dispute that it has no right to Inglewood's properties, Inglewood is entitled to an order removing both documents from the record titles. Because the court could provide effective relief by entering that order, this issue is not moot. We reverse the trial court's dismissal of the quiet title action. On remand, the trial court is directed to enter an order removing the judgment and coversheet from the record title of all the Inglewood properties.

## Slander of Title

Inglewood argues that the trial court erred by granting Jones Engineers's motion for summary judgment on its slander of title claim because it offered

---

[12] Jones Engineers acknowledges that the purpose of recording the coversheet and judgment is to give notice. Br. of Resp't at 9, 11-12.

evidence to support every element of that claim. Because Inglewood failed to raise a genuine issue of material fact whether it suffered damages, we affirm.

"A defendant moving for summary judgment may meet his burden by showing an absence of evidence to support the nonmoving party's case." Janaszak v. State, 173 Wn. App. 703, 711, 297 P.3d 723 (2013). Once the "defendant makes this initial showing, the inquiry shifts to the party with the burden of proof at trial, the plaintiff." Janaszak, 173 Wn. App. at 711. The trial court should grant summary judgment if "the plaintiff fails to make a showing sufficient to establish the existence of an element essential" of its case. Janaszak, 173 Wn. App. at 711.

The court considers "supporting affidavits and other admissible evidence that is based on the affiant's personal knowledge." Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 744, 87 P.3d 774 (2004). The plaintiff "may not rely on speculation or argumentative assertions that unresolved factual issues remain." Little v. Countrywood Homes, Inc., 132 Wn. App. 777, 780, 133 P.3d 944 (2006). "Unsupported conclus[ory] statements alone are insufficient to prove the existence or nonexistence of issues of fact." Hash by Hash v. Children's Orthopedic Hosp., 49 Wn. App. 130, 133, 741 P.2d 584 (1987).

Here, Jones Engineers moved for summary judgment on Inglewood's slander of title action, arguing that Inglewood had no evidence to support its claim. Accordingly, Inglewood had to show that there were genuine issues of material fact for each element of slander of title.

Slander of title has five essential elements: "(1) false words; (2)

maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss." Rorvig v. Douglas, 123 Wn.2d 854, 859, 873 P.2d 492 (1994).

Jones Engineers asserted in its motion for summary judgment that Inglewood had no evidence that recording the judgment and cover sheet had damaged Inglewood. In response, Inglewood described several "pending sales" and "other transactions" that had fallen through, allegedly because of the recorded judgment.[13] The only proof Inglewood offered to support these claims was Stebner's declaration.

Stebner's declaration is full of assertions about the motives behind other people's actions. It is too conclusory to establish that Jones Engineers's actions caused Inglewood pecuniary loss. Describing various pending transactions and foreclosures, Stebner alleged that "pending transactions are being hampered by Defendants' wrongful liens"; "[t]he lender would not proceed without removal of Defendants' bogus lien"; "we could not sell any other properties or satisfy the lender that Defendants' lien was bogus or would be removed"; and that a "transaction could not close due to Defendants' bogus lien and the property was foreclosed on."[14] But neither Inglewood nor Stebner provided the names of any of the other parties to these transactions or any affidavits or statements from these lenders explaining why the transactions fell through. Stebner's declaration alone, without any supporting evidence, is simply not sufficient to create a genuine issue of material fact whether Jones Engineers's act of recording the

---

[13] CP at 210-11.
[14] CP at 222.

8

judgment and coversheet caused Inglewood pecuniary loss.

Inglewood's slander of title claim could not survive without establishing the element of pecuniary loss. The trial court did not err by granting summary judgment on this claim.

## Negligence

Inglewood assigned error to the entire summary judgment order, including the dismissal of its negligence claims. Inglewood waived that assignment of error by failing to support it with argument or citation to authority. See Skagit County Pub. Hosp. Dist. No. 1 v. State, Dep't of Revenue, 158 Wn. App. 426, 440, 242 P.3d 909 (2010).

## CR 56(f) Continuance

Inglewood argues that the trial court abused its discretion when it denied Inglewood's request for a continuance. We hold that the trial court did not err because Inglewood did not offer any reason for its delay.

When a party moves for summary judgment, the opposing party may request a continuance if it needs additional time to obtain affidavits that will justify its opposition to summary judgment. CR 56(f). But the court "may deny a motion for a continuance when (1) the moving party does not offer a good reason for the delay in obtaining the evidence; (2) the moving party does not state what evidence would be established through the additional discovery; or (3) the evidence sought will not raise a genuine issue of fact." Coggle v. Snow, 56 Wn. App. 499, 507, 784 P.2d 554 (1990).

This court reviews a trial court's decision to deny a continuance for an

abuse of discretion. Coggle, 56 Wn. App. at 504. It is an abuse of discretion if the court bases its decision on untenable grounds or for untenable reasons. Coggle, 56 Wn. App. at 507.

Inglewood filed its complaint in April 2015, but had contemplated filing it since at least February 2015. Jones Engineers moved for summary judgment in November 2015. Although Inglewood conducted other discovery during the seven months between the complaint and the motion for summary judgment, it did not seek to depose any of the defendants until two weeks after Jones Engineers's motion. Inglewood sought a continuance under CR 56(f) because it would not have time to submit any depositions it took to the court before to the summary judgment hearing. But it did not offer any justification for its delay in seeking depositions.

The trial court's decision was reasonable, given that Inglewood offered no explanation for the delay. The court did not err by refusing Inglewood's request for a continuance.

### Attorney Fees and Appellate Costs

Inglewood requests attorney fees under RAP 18.1 and Rorvig v. Douglas, 123 Wn.2d 854, 873 P.2d 492 (1994). Rorvig allows a plaintiff who is successful in a slander of title action to recover attorney fees. 123 Wn.2d at 856. Rorvig permits attorney fees in slander of title actions because, in those cases, the defendant, "by intentional and calculated action," leave the plaintiff no choice but litigation. 123 Wn.2d at 862. Inglewood has not established that Rorvig's holding should apply to quiet title actions, which do not require intentional

10

conduct by the defendant.

While Inglewood's quiet title action was successful, its slander of title action was not.[15] We do not award Inglewood attorney fees on appeal.

Inglewood also requests appellate costs under RAP 14.4. "A commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review." RAP 14.2. Although prevailing on its quiet title action, Inglewood did not prevail on its slander of title or negligence actions, or its review of the trial court's denial of its request for a continuance. It is not a substantially prevailing party on appeal.

We affirm the dismissal of Inglewood's slander of title and negligence claims, but reverse the trial court's dismissal of the quiet title action. On remand, the trial court is directed to enter an order consistent with this opinion.

Trickey, ACJ

WE CONCUR:

_Appelwick, J_   Cox, J.

---

[15] Moreover, Inglewood would not be entitled to attorney fees even if this court reversed summary judgment on the slander of title claim. Successfully resisting summary judgment on a slander of title action is not the same as ultimately succeeding on a slander of title action. An award of attorney fees would be premature. See Landis & Landis Const., LLC v. Nation, 171 Wn. App. 157, 168, 286 P.3d 979 (2012).