IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| 2400 ELLIOTT, LLC, a Washington limited liability company,<br><br>        Respondent,<br><br>        v.<br><br>VP ELITE CONSTRUCTION, LLC, a Washington limited liability company,<br><br>        Appellant. | No. 85205-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — VP Elite Construction LLC appeals an order that denied its motion to set aside an order of default, default judgment, and attorney fee award in favor of 2400 Elliott LLC. Finding no abuse of discretion in the trial court's denial of the motion to vacate, we affirm.

FACTS

On September 27, 2021, VP Elite Construction LLC recorded a notice claiming a lien against property owned by 2400 Elliott LLC under RCW chapter 60.04, mechanics' and materialmen's liens. A lien under that statute expires eight months after recording if the claimant does not sue to enforce it within that time. RCW 60.04.141. It is undisputed that VP Elite did not timely file an action to enforce its lien.

In August 2022, after unsuccessfully attempting to persuade VP Elite to file or deliver a lien release, 2400 Elliott filed the underlying action that sought a

declaratory judgment stating that VP Elite's lien had expired, an order compelling VP Elite to deliver a lien release, and an award of attorney fees and costs. On October 5, the trial court found that VP Elite had been properly served but had not timely "appeared, answered, pleaded, or otherwise defended," and it declared VP Elite in default.

On November 21, 2400 Elliott filed a motion for default judgment against VP Elite. The trial court granted the motion, declared VP Elite's lien claim "expired and unenforceable," ordered VP Elite to deliver an executed lien release within 30 days, and awarded 2400 Elliott its reasonable attorney fees and costs in an amount to be determined.

On December 1, 2400 Elliott moved to set the amount of the fee award and noted the matter for a hearing on December 14. The record reflects that 2400 Elliott mailed courtesy copies of its fee motion and the hearing notice to VP Elite's principal, Andrey Miroshnik, at the same address where VP Elite was initially served.[1] VP Elite did not oppose the fee motion and the trial court entered an order awarding 2400 Elliott attorney fees and costs totaling $28,414.51 at the conclusion of the hearing.

The record establishes that, by early December 2022, VP Elite was aware of the default judgment and its significance based on unspecified documents Miroshnik received in the mail and his consultations with counsel. More than three months later, on March 20, 2023, VP Elite's counsel filed a notice of appearance.

---

[1] 2400 Elliott was not required to serve its attorney fee motion on VP Elite given that it was in default. *See* CR 5(a) ("No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons.").

The next day, VP Elite filed a motion to set aside the order of default, the default judgment, and the order on attorney fees and costs under CR 60. The trial court denied the motion to vacate, and VP Elite timely appealed.[2]

ANALYSIS

I.     CR 60 Motion To Vacate

VP Elite contends that the trial court erred by denying the motion to vacate. We disagree.

CR 60(b) sets forth the limited circumstances under which a trial court may vacate a final judgment or order. Under CR 60(b)(1), the court may do so based on "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining [the] judgment or order."[3] A motion to vacate under this rule "shall be made within a reasonable time and . . . not more than 1 year after the judgment [or] order . . . was entered." CR 60(b).

We review a trial court's denial of a CR 60(b) motion to vacate for abuse of discretion. *Haley v. Highland*, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). A trial

---

[2] VP Elite's notice of appeal designated not only the trial court's order denying the motion to vacate but also the order of default, the default judgment, and the order on attorney fees and costs. A commissioner of this court dismissed the appeal with regard to these latter three orders, ruling that "[t]hese orders and judgment are not properly within the scope of review in this appeal" and "VP Elite may not challenge the order of default, the default judgment, or the attorney fee order it failed to timely appeal by appealing from the order denying a motion to vacate."

VP Elite did not move to modify the commissioner's ruling but nevertheless assigns error to the attorney fee order. We do not consider this assignment of error or the argument in support thereof. *See Hough v. Ballard*, 108 Wn. App. 272, 277 n.3, 31 P.3d 6 (2001) ("If an aggrieved party fails to seek modification of a commissioner's ruling within the time permitted by RAP 17.7, the ruling becomes a final decision of the court.").

[3] VP Elite also cites CR 60(b)(4) (fraud, misrepresentation, or other misconduct) and CR 60(b)(11) (any other reason justifying relief) in its opening brief. But, because VP Elite provides no argument related to these distinct sections of the rule, we do not address them further. *See Norcon Builders, LLC v. GMP Homes VG, LLC*, 161 Wn. App. 474, 486, 254 P.3d 835 (2011) ("We will not consider an inadequately briefed argument.").

- 3 -

court abuses its discretion when it exercises it on untenable grounds or for untenable reasons. *Noble v. Safe Harbor Fam. Pres. Tr.*, 167 Wn.2d 11, 17, 216 P.3d 1007 (2009). The trial court here was well within its discretion to deny VP Elite's motion to vacate.

First, the record amply supports the trial court's finding that VP Elite failed to file its motion to vacate within a "reasonable time."[4] VP Elite was aware no later than early December 2022 that the trial court had entered judgment by default based on paperwork that 2400 Elliott mailed to Miroshnik. Additionally, Miroshnik did not deny receiving the earlier documents that the record shows were also mailed to him by 2400 Elliott, including 2400 Elliott's motion for default judgment explaining that VP Elite had been found in default. Miroshnik declared that he did not act on any previous documents he received because he did not understand them. But, he did not explain why VP Elite waited another three months to seek relief once it understood that the court had entered a default judgment, particularly given that, by the time it did so, the deadline for compliance with the judgment had already passed by more than 60 days. While VP Elite suggested that its duty to act under CR 60 was not "trigger[ed]" until 2400 Elliott responded to VP Elite's

---

[4] 2400 Elliott asserts that this finding and a separate finding that VP Elite failed to show grounds to vacate are verities on appeal because VP Elite did not assign error to them. Although VP Elite did not formally assign error to these findings as required by RAP 10.3(a)(4), it clearly challenged them in its opening brief, and 2400 Elliott fully responded to those challenges. Accordingly, we reach the merits of the argument. *See Goehle v. Fred Hutchinson Cancer Rsch. Ctr.*, 100 Wn. App. 609, 614, 1 P.3d 579 (2000) ("The appellate court will review the merits of the appeal where the nature of the challenge is perfectly clear and the challenged ruling is set forth in the appellate brief."); *see also* RAP 1.2(a) ("[The RAPs] will be liberally interpreted to . . . facilitate the decision of cases on the merits.").

To the extent that VP Elite argues that its motion to vacate was timely so long as it was filed within a year, it is incorrect. *See Ha v. Signal Elec.*, 182 Wn. App. 436, 454, 332 P.3d 991 (2014) ("A motion to vacate under CR 60(b)(1) must be filed within a reasonable time *and* within one year from the judgment." (emphasis added)).

request to voluntarily set aside the default, the trial court was well within its discretion to reject this attempt to place the burden to act on 2400 Elliott. *See Ha v. Signal Elec.*, 182 Wn. App., 436, 454, 332 P.3d 991 (2014) ("The critical period is between *when the moving party became aware of the judgment* and when it filed the motion to vacate." (emphasis added)).

As to the attorney fee order, Miroshnik similarly did not deny receiving a copy of 2400 Elliott's attorney fee motion or the corresponding hearing notice. And, even though that motion was still pending at the time VP Elite's counsel began corresponding with counsel for 2400 Elliott, VP Elite took no action to oppose it and instead waited until three months after its entry to seek relief. Furthermore, VP Elite's request to vacate the fee order focused on the reasonableness of certain fees. But, in this appeal from the denial of the motion to vacate, we review only the propriety of the denial, not the alleged impropriety of the underlying order. *Bjurstrom v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). Because Miroshnik's declaration did not address, much less explain, VP Elite's delay in challenging the fee order, the trial court did not abuse its discretion by declining to vacate it on the basis that VP Elite did not file its motion within a reasonable time.

Finally, and with regard to the default judgment in particular, VP Elite was required to show that (1) there was substantial evidence supporting a prima facie defense, (2) its failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect, (3) it acted with due diligence after notice of the default judgment, and (4) 2400 Elliott would not suffer a substantial hardship if the court vacated the default judgment. *Ha*, 182 Wn. App. at 448-49.

"Factors (1) and (2) are primary; factors (3) and (4) are secondary." *Id.* Also, the "factors are interdependent; thus, the requisite proof that needs to be shown on any one factor depends on the degree of proof made on each of the other factors." *Norton v. Brown*, 99 Wn. App. 118, 124, 992 P.2d 1019 (1999). Consequently, if the moving party shows a "'strong or virtually conclusive defense,'" then "'the court will spend little time inquiring into the reasons for the failure to appear and answer, provided the party timely moved to vacate and the failure to appear was not willful.'" *TMT Bear Creek Shopping Ctr., Inc. v. PETCO Animal Supplies, Inc.*, 140 Wn. App. 191, 205, 165 P.3d 1271 (2007) (internal quotation marks omitted) (quoting *Johnson v. Cash Store*, 116 Wn. App. 833, 841, 68 P.3d 1099 (2003)). Conversely, because the primary purpose for requiring a meritorious defense is to avoid a useless trial, a default judgment should stand if the party seeking to vacate it can present no defense. *See Pfaff v. State Farm Mut. Auto. Ins. Co.*, 103 Wn. App. 829, 834, 14 P.3d 837 (2000) ("If a CR 60 movant cannot produce substantial evidence with which to oppose the claim, there is no point to setting aside the judgment and conducting further proceedings.").

Here, VP Elite conceded that its lien had expired and "was absolutely *void* and no longer bound" 2400 Elliott's property. Throughout its briefs in this court, VP Elite characterizes this concession as a "virtually conclusive defense" to 2400 Elliott's lawsuit. This characterization is not reasonable. Although VP Elite is correct that its lien had clearly expired under RCW 60.04.141, which imposes no obligation to provide a lien release, 2400 Elliott's lawsuit was not premised on a statutory obligation to deliver a lien release. Instead, 2400 Elliott sought equitable

and declaratory relief because VP Elite's recorded lien notice remained a potential cloud on title even if the underlying lien was clearly invalid. To this end, VP Elite's own counsel confirmed in a declaration submitted in support of the motion to vacate that at least one title company has incorrectly construed a recorded lien notice as valid even when it was not, thus requiring his intervention. Far from establishing a conclusive defense, the record shows that VP Elite had *no defense*. *See Robinson v. Khan*, 89 Wn. App. 418, 423, 948 P.2d 1347 (1998) (cloud on title is anything "'that has a tendency, *even in a slight degree*, to cast doubt upon the owner's title'" and includes an "'encumbrance which is actually invalid or inoperative, but which may nevertheless impair the title to property'" (emphasis added) (quoting *Whitney v. City of Port Huron*, 88 Mich. 268, 272, 50 N.W. 316 (1891); 65 AM. JUR. 2D *Quieting Title* § 9, at 148 (1972)). This was an independent reason for the trial court to deny VP Elite's motion to vacate as it pertained to the default judgment. The trial court did not abuse its discretion.

II.     Fees on Appeal

Both parties request fees on appeal. VP Elite included one sentence in its brief requesting attorney fees, without citing any authority for its request. Moreover, VP Elite does not prevail on appeal. Accordingly, we deny its request for fees. *See Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 705, 915 P.2d 1146 (1996) (RAP 18.1(b) "requires more than a bald request for attorney fees on appeal. Argument and citation to authority are required under the rule." (citation omitted)).

2400 Elliott requests fees on appeal under RAP 18.9 as a sanction for a frivolous appeal. "An appeal is frivolous if, considering the entire record, the court

is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." *Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). We agree with 2400 Elliott that VP Elite's appeal is frivolous: VP Elite assigned error to and disputed an order that this court had already ruled was not within the scope of this appeal. As to its remaining assignment of error, VP Elite challenged a discretionary ruling that the record amply supported, relying largely on a frivolous argument that recharacterized what was in fact was a concession as a defense to the underlying action in an attempt to satisfy the requirements of CR 60. Accordingly, we grant 2400 Elliott's request for fees on appeal,[5] subject to its compliance with the procedural requirements of RAP 18.1.

Affirmed.

_____

WE CONCUR:

_____          _____

---

[5] Because we grant 2400 Elliott's request under RAP 18.9, we do not address its argument that it is also entitled to appellate fees under RCW 60.04.071 or RCW 60.04.181(3).