
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANDREY GERMANOVICH, | ) | |
| | ) | No. 39430-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAISIA MOGA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

STAAB, A.C.J. — Andrey Germanovich contends the trial court erred when it failed to make findings following a bench trial on his claim for a joint venture. We conclude that the trial court did not err because Germanovich did not present a claim for joint venture.

In her response, Taisia Moga alleges the trial court erred when it limited her award of attorney fees based only on the committed intimate relationship (CIR) although it mentioned that Germanovich's lis pendens claims were wrongful. Furthermore, she requests attorney fees on appeal pursuant to RAP 18.1. We deny Moga's request for relief because she failed to file a cross-appeal. Additionally, we deny her request for

attorney fees on appeal because she fails to cite to authority warranting attorney fees

outside RAP 18.1.

## BACKGROUND

Andrey Germanovich alleges that he and Taisia Moga casually dated until their

relationship became more serious in October 2007. He claims this relationship went on

for 12 years, from 2007 to 2019. He contends the parties cohabitated together, while

Moga denied ever living with Germanovich other than staying late at his house

occasionally.

During this time, Moga acquired numerous properties that Germanovich claimed

were acquired because of his involvement, that each party had a CIR in mind, and that his

labor improved the properties. Eventually, their relationship ended. In July 2020 Moga

petitioned for a protection order against Germanovich.

The following year, Germanovich petitioned the trial court to "find a [CIR]

between the parties and even if a CIR is not found that the court partition of the parties

real estate holdings equally under RCW 7.52[.010] or in the alternative based on their

CIR." CP at 3. Specifically, the petition listed two causes of action: (1) partition

pursuant to RCW 7.52.010 and (2) CIR.

After proceeding to a bench trial, the trial court requested both parties submit their

closing briefs. The trial court eventually entered written findings and conclusions. The

trial court concluded that the evidence presented did not establish a CIR. Additionally, it

concluded that Germanovich wrongfully filed lis pendens on each property and ordered

them removed at his expense. The court ultimately dismissed Germanovich's CIR

petition and partition claims with prejudice.

Germanovich appeals. The sole assignment of error is that the court "failed to

address the Petitioner's alternative request to have the court find a Joint Venture, and

distribute the net proceeds from that enterprise." Br. of Appellant at 16-17.

ANALYSIS

Germanovich does not challenge the trial court's decision on his claim for

partition and a CIR. Instead, on appeal he argues the trial court erred in failing to make

findings and conclusions on his claim of a joint venture between himself and Moga. We

find no error.

1. APPELLATE REVIEW, ERROR PRESERVATION, AND PLEADING STANDARDS.

An "appellate court may refuse to review any claim of error which was not raised"

below. RAP 2.5(a). "As a general matter, an argument neither pleaded nor argued to the

trial court cannot be raised for the first time on appeal." *Washington Fed. Sav. v. Klein*,

177 Wn. App. 22, 29, 311 P.3d 53 (2013).

A pleading must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." CR 8(a). Additionally, it must "demand for judgment for

the relief to which the pleader deems the pleader is entitled." CR 8(a). Pleadings are to

be "construed as to do substantial justice." CR 8(f). Although this rule allows for notice

pleading, it must still adequately inform the opposing party of the nature of the plaintiff's claims as well as the legal grounds upon which those claims rest. *See Kirby v. City of Tacoma*, 124 Wn. App. 454, 469-70, 98 P.3d 827 (2004). Thus, "'a party who does not plead a cause of action or theory of recovery cannot finesse the issue by later inserting the theory into trial briefs and contend[ ] it was in the case all along.'" *Kirby*, 124 Wn. App. at 472 (quoting *Dewey v. Tacoma School Dist. No. 10*, 95 Wn. App. 18, 23, 974 P.2d 847 (1999)).

Germanovich petitioned the lower court for partition of real property and CIR. Specifically, he moved the court "to find a [CIR] between the parties and even if a CIR is not found that the court partition [of] the parties real estate holdings equally under RCW 7.52.010 or in the alternative based on their CIR." CP at 3. Similarly, the petition listed two causes of action: (1) partition pursuant to RCW 7.52.010, and (2) CIR. Now, on appeal, Germanovich contends the lower court erred because it did not enter findings related to a "joint venture."

2. CAUSES OF ACTION ALLEGED

While Germanovich brought a cause of action for a CIR and partition pursuant to RCW 7.52.010, he failed to plead a cause of action for a joint venture. Instead, he argued a joint venture as evidence of the parties CIR. To provide more context of the similarities and overlap, each cause of action will be briefly highlighted below.

4

A CIR "is a stable, marital-like relationship where both parties cohabit with knowledge that a lawful marriage between them does not exist." *Connell v. Francisco*, 127 Wn.2d 339, 346, 898 P.2d 831 (1995). Based on equitable principles, a CIR protects the interests of unmarried individuals who acquire property during their relationship. *In re Marriage of Pennington*, 142 Wn.2d 592, 602, 14 P.3d 764 (2000). A court considers several factors to determine whether a CIR exists: "(1) continuity of cohabitation, (2) 'duration of the relationship,' (3) 'purpose of the relationship,' (4) 'pooling of resources and services for joint projects,' and (5) 'the intent of the parties.'" *Muridan v. Redl*, 3 Wn. App. 2d 44, 55, 413 P.3d 1072 (2018) (quoting *Connell*, 127 Wn.2d at 346). If the court determines a CIR exists, it will then evaluate the interest of each party and make a just and equitable distribution of the property. *Connell*, 127 Wn.2d at 349.

Chapter 7.52 RCW pertains to partition of property. To "partition" land means to divide the property owned jointly into separate portions. RCW 7.52.090. If a partition cannot be made without great prejudice, a court may also order sale of the land. RCW 7.52.130. RCW 7.52.010 applies to several persons who are in possession of real property as tenants in common.

A partnership is an association of two or more persons carrying on as co-owners of a business. RCW 25.05.055(1). While similar, a joint venture is a type of partnership whose purpose is typically limited to a specific transaction or project. *Pietz v. Indermuehle*, 89 Wn. App. 503, 510, 949 P.2d 449 (1998). The essential elements of a

joint venture are "'(1) a contract, express or implied; (2) a common purpose; (3) a community of interest; and (4) an equal right to a voice' and to control." *Penick v. Emp. Sec. Dep't*, 82 Wn. App. 30, 40, 917 P.2d 136 (1996) (quoting *Paulson v. Pierce County*, 99 Wn.2d 645, 654, 664 P.2d 1202 (1983)).

Turning to Germanovich's petition, he neither pled nor alleged the elements required for a joint venture. Instead, he pleaded and argued partition pursuant to RCW 7.52.010, and/or a CIR. And, on appeal, Germanovich has abandoned those arguments, now only arguing joint venture. *See* Br. of Appellant at 7.[1]

Although a joint venture and CIR have similar and overlapping elements, they are distinct legal concepts and separate causes of action. While both involve some sort of partnership and shared interests, a joint venture is primarily a business relationship whereas a CIR pertains to a personal relationship, resulting in equitable distribution of property acquired during that relationship. Thus, Germanovich's petition, which contained a cause of action for (1) CIR, and (2) partition, did not properly plead or give fair notice of a claim for a joint venture.

Nevertheless, Germanovich argues that his claim for a joint venture could be fairly implied from his complaint. He points to paragraph 1.1 of his petition that reads: "In or

---

[1] "[T]his appeal is not about the lack of CIR finding, it is about a second issue that the judge did not rule on, a Joint Venture."

about the summer of 2007 the parties began cohabitating as a couple with the goal of

starting joint venture/partnership, for the purposes of refurbishing real property." Br. of

Appellant at 17. However, as discussed above, some of the factors to consider when

determining whether a CIR existed are the intent of the parties as well as the purpose of

the relationship. Fact 1.1 of his petition seems to provide insight on both of these factors

to support his claim for a CIR. The allegation does not infer a separate claim for a joint

venture.

Germanovich also contends that he specifically addressed the concept of a joint

venture in his closing argument. Br. of Appellant at 2. Looking to his closing brief,

Germanovich had a subheading titled "Evidence re: their joint ventures *as part of their*

*relationship*." CP at 21 (emphasis added). This is under the main heading "Petitioner's

Outline of CIR."

### I. Petitioner's Outline of CIR Supportive Evidence Provided at Trial, with Comments.

#### A. Evidence re: their joint ventures as part of their relationship

1. Mr. Germanovich testified that he had a long-term intimate relationship for a minimum of 11.5 years, and that that relationship started in the fall of 2007, and ended sometime after his second foreclosure of his Pintner home, where they were living, and they failed to win the auction to repurchase that home.

While Germanovich argued the parties had a CIR as evidenced by their joint

endeavors, he never argued the cause of action separately. Thus, Germanovich's

argument fails.

7

Finally, Germanovich contends that his argument on appeal is supported by the unpublished opinion in *In re Jorgensen*, No. 82556-9-I (Wash. Ct. App. Mar. 14, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/825569.pdf. He maintains that in *Jorgensen*, the trial court addressed a joint venture although there may not have been a partnership or a CIR. However, Germanovich completely misconstrues this authority. In *Jorgensen*, the court went through each of the factors to consider when evaluating a CIR. *Id*. slip op. at *4-6. The *Jorgensen* court did not discuss a joint venture as a cause of action. *Id*. slip op. at *3. Instead, under the CIR factor "pooling of resources and services for joint projects," the court discussed the individuals' boat detailing business as a joint project for their mutual benefit. *Id*. slip op. at *5-6. *Jorgensen* does not support Germanovich's argument.

The trial court did not err when it failed to make findings relating to a joint venture because Germanovich did not plead a cause of action for joint venture.

3.   ATTORNEY FEES

In Moga's response brief, she contends the trial court erred when it limited her request for attorney fees based solely on a CIR although the court found Germanovich's lis pendens were wrongful. Br. of Resp't at 62.

Under the Rules of Appellate Procedure, a party may seek review of a trial court decision by filing a notice of appeal. RAP 5.1(a). Additionally, an appeal may contain a "cross review," which is where a party who is already a respondent in an appeal seeks to

have an issue reviewed. RAP 5.1(d). If a party intends to seek cross review, they must

file a notice of appeal within the time allowed by rule 5.2(f). RAP 5.1(d). Cross review

is required when a respondent seeks affirmative relief as opposed to simply raising a

defense to the claims brought by the appellant. *See Robinson v. Khan*, 89 Wn. App. 418,

420, 948 P.2d 1347 (1998) ("A notice of cross review is essential if the respondent 'seeks

affirmative relief.'").

Here, the record is devoid of a cross appeal filed by Moga. Thus, we decline to

review Moga's allegations that the trial court erred in failing to award attorney fees.

Moga also cites RAP 18.1(a) to support an award of attorney fees on appeal. RAP

18.1(b) makes clear "that a party seeking fees on appeal must clearly set forward the

request and the basis for the same before the appellate court." *Thompson v. Lennox*, 151

Wn. App. 479, 485, 212 P.3d 597 (2009). A party's failure to comply with the rule's

provisions warrant a denial of its fee request. *See Thompson*, 151 Wn. App. at 485-86

(citing *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952

P.2d 590 (1998) (noting that RAP 18.1 requires party requesting fees to provide argument

and citation to authority in separate section of brief to apprise the appellate court of the

appropriate grounds for an award of fees). Other than arguing that the court failed to

address an award of attorney fees based on the lis pendens action, which is not at issue on

appeal, she cites no authority to support an award of fees.  Thus, we deny her request for

fees on appeal.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Pennell, J.

_____
Cooney, J.