[No. 30767.   Department One.   March 15, 1949.]

JOHN MERLIN *et al., Respondents,* v. JOHN C. RODINE *et al.,*
*Appellants.*[1]

[1]Reported in 203 P. (2d) 683.

*Geo. H. Crandell,* for appellants.

*Melvin T. Swanson,* for respondents.

HILL, J.—The respondents sued to recover fifteen hundred dollars paid as earnest money on the purchase of a home. The trial court was confronted with the question of whether the following provision in the earnest-money receipt executed by both parties could be varied by parol evidence:

"Total purchase price is Thirteen thousand seven hundred fifty and 00/100 DOLLARS ($13,750.00), payable as follows: $2,250.00 additional cash shall be paid when deal is closed making a total down payment of $3,750.00 and the balance of the purchase price namely $10,000.00 shall be paid in cash from the proceeds of a F.H.A. insured mortgage loan which the purchaser agrees to immediately apply for thru the Prudential Savings & Loan Assn. or other lending *instution,* and pay all of the costs and reserves of securing said loan."

The parol evidence offered and admitted added a provision to the foregoing section of the contract authorizing the return of the earnest money if the respondents could not obtain an FHA loan to complete the purchase price.

The trial court gave the respondents judgment for fifteen hundred dollars.

We have here no question of impossibility of performance; it was conceded on the oral argument that it was possible to secure a ten-thousand-dollar FHA loan on the property. The evidence showed, however, that the respondents could not procure such a loan, as they apparently lacked certain credit requirements.

The only provision in the contract, as written, relative to the refund of the earnest money was as follows:

"If title is not insurable and cannot be made insurable within 30 days from date of title report, earnest money shall be refunded. . . . But if title is good and purchaser neglects or refuses to complete purchase, the earnest money may, at seller's option, be forfeited as liquidated damages."

■ ■  That the parol evidence admitted by the trial court did vary the terms of the written contract seems patent; and that it did not come within any of the recognized exceptions to the parol evidence rule is equally clear. We have consistently held that we cannot, upon general considerations of abstract justice, make a contract for the parties that they did not make for themselves. *Chaffee v. Chaffee,* 19 Wn. (2d) 607, 145 P. (2d) 244, and cases therein cited.

■  The respondents seek to justify the admission of the parol evidence on the basis of certain rules of construction. There is, however, no ambiguity or uncertainty in the contract as written, and consequently there is no basis for a resort to any of the rules of construction relied upon.

■  Respondents also urge that appellants were obligated to furnish a title report within thirty days, and that delivery of such a report was a condition precedent to any forfeiture of the earnest money by the respondents. That issue was not raised by the pleadings and, so far as we can determine from the record before us, was not presented to the trial court; consequently, the respondents are not entitled to have it considered here. *Lawson v. Helmich,* 20 Wn. (2d) 167, 146 P. (2d) 537, 151 A.L.R. 930; *Unemployment Compensation Department v. Hunt,* 17 Wn. (2d) 228, 135 P. (2d) 89, and cases therein cited.

■  Respondents' final argument in support of the judgment is that appellants could not convey the title free and clear of encumbrances as required by the earnest-money contract, because the title report referred to revealed the following encumbrance:

"Agreement to indemnify the City of Seattle against all or damage to arise by reason of permission to occupy portion of inside parking strip 4 feet back from inner edge of walk by erecting and maintaining therein, in accordance with the application therefor, a concrete garage and rockery in front of and to be used in connection with Lot 1, Block 3, said Addition. . . ."

Respondents have cited no cases holding that such an indemnity agreement is an encumbrance. We have recently

defined "encumbrance," in *Hebb v. Severson, ante,* p. 159, 201 P. (2d) 156, where we said:

"An 'encumbrance' has been defined by this court to be any right to, or interest in, land which may subsist in third persons, to the diminution of the value of the estate of the tenant, but consistent with the passing of the fee; and, also, as a burden upon land depreciative of its value, such as a lien, easement, or servitude, which, though adverse to the interest of the landowner, does not conflict with his conveyance of the land in fee. *Green v. Tidball,* 26 Wash. 338, 67 Pac. 84, 55 L. R. A. 879; *Linne v. Bredes,* 43 Wash. 540, 86 Pac. 858, 117 Am. St. 1068, 6 L. R. A. (N. S.) 707."

Passing the serious question of whether such an indemnity agreement is a right to or interest in land, the right to use the parking strip for a garage and rockery might well be, and probably is, a valuable one; and that right, coupled with the indemnity agreement, would not necessarily diminish or depreciate the value of the property, but in all probability would enhance it. We cannot say that such an indemnity agreement is, as a matter of law, an encumbrance.

■ In any event, the only indication in the record that this issue was presented to the trial court is its statement, "I am satisfied that Mr. and Mrs. Rodine would have given good title." We do not regard such a statement as sufficient to establish that the question now sought to be raised was presented to the trial court, and what we have said heretofore regarding the issue of failure to furnish a title report is equally applicable here.

The judgment entered in the court below includes a judgment in favor of a garnishee defendant against the respondents, which was not challenged on this appeal and should not be disturbed. The judgment against the appellants is reversed, with instructions to enter judgment of dismissal in favor of the appellants, with costs against the respondents.

JEFFERS, C. J., BEALS, STEINERT, and MALLERY, JJ., concur.