[No. 31601. Department Two. April 26, 1951.]

JERRY GEORGE, *Respondent,* v. JOHN C. RODINE *et al.,*
*Appellants.*[1]

*Geo. H. Crandell,* for appellants.

*Melvin T. Swanson,* for respondent.

SCHWELLENBACH, C. J.—June 25, 1947, John C. Rodine and
wife contracted to sell certain real property to John Merlin.
The written contract was in the form of an earnest money
receipt and provided in part as follows:

[1]Reported in 230 P. (2d) 608.

"Seattle, Washington, June 25, 1947

"I HEREBY AGREE to the above sale and to all the foregoing terms and conditions and agree to pay JERRY GEORGE, Realtor, as agent, commission of $687.50 for services.

"In the event earnest money receipted for is forfeited, I agree that said earnest money shall be apportioned to the agent and owner equally.

JOHN C. RODINE
Owner.
DORA B. RODINE
Wife."

Jerry George was Rodine's agent in the transaction. Fifteen hundred dollars was paid down as earnest money. The contract also provided that, if the title to the property was good and the purchaser neglected or refused to complete the purchase, the earnest money might, at the seller's option, be forfeited as liquidated damages.

August 30, 1947, Merlin, the purchaser, commenced action against Rodine and wife, the sellers, for the return of the earnest money payment. Judgment was rendered in favor of Merlin in the superior court. Upon appeal, that judgment was reversed by this court. *Merlin v. Rodine,* 32 Wn. (2d) 757, 203 P. (2d) 683. When the appeal was taken, the fifteen hundred dollars paid as earnest money was placed in the registry of the court in lieu of a supersedeas bond, and upon reversal the money was withdrawn by Rodine. George, the agent, then made demand upon Rodine for one-half of the earnest money as provided in the contract and upon refusal this action was commenced. The trial court awarded judgment to George in the sum of seven hundred and fifty dollars and this appeal follows.

It should be noted that the first action for the return of the money was against Rodine alone and not against Rodine and George. The testimony showed that at the time of the commencement of that action the fifteen hundred dollars was held by George, who refused to turn it over to Rodine until the true ownership was determined. There was also testimony to the effect that, when the suit was commenced, Mr. Crandell, Rodine's attorney, telephoned George and asked him to contribute to the defense of the suit, which

George refused to do. At that trial, George was subpoenaed as a witness by Merlin and his testimony was more favorable to Merlin than to Rodine. The testimony also showed that Rodine expended five hundred and fifty dollars in defense of the suit.

Error is assigned in the granting of judgment to respondent, and in holding that appellant was liable to respondent for the full one half of the earnest money after appellant had been put to great expense to sustain the contract without any contribution from respondent.

Appellants contend that respondent abandoned his rights under the contract; that his position now is inconsistent with the position he took in the former litigation, and that he is now estopped from claiming under the contract which he formerly repudiated. They rely upon *White v. Chellew*, 108 Wash. 526, 185 Pac. 619, and *Hardgrove v. Bowman*, 10 Wn. (2d) 136, 116 P. (2d) 336. In the cited cases, the parties held to be estopped had been active litigants in prior suits in which they had taken positions inconsistent with the positions taken in the reported cases. In *Merlin v. Rodine, supra,* appellant was merely a witness, subpoenaed by Merlin. He had a right—in fact it was his duty—to testify to the truth as he saw it. The fact that his testimony was not favorable to appellant may, or may not, indicate an opinion on his part as to the enforcibility of the forfeiture clause. Assuming that he regarded it as unenforcible, this in itself is not sufficient to charge him with having abandoned his rights, or with having taken an inconsistent stand.

Appellants contend that respondent, by his conduct, waived his right to the benefits to which he was entitled under the contract, and rely upon *Reynolds v. Travelers Ins. Co.,* 176 Wash. 36, 28 P. (2d) 310; *Beaulaurier v. Wash. State Hop Producers,* 8 Wn. (2d) 79, 111 P. (2d) 559; *James v. Christ Church Parish,* 29 Wn. (2d) 103, 185 P. (2d) 984; and *Kessinger v. Anderson,* 31 Wn. (2d) 157, 196 P. (2d) 289. We find nothing in the record to show that respondent pur-

sued such a course of conduct as to evidence an intention to waive his rights under the contract.

Finally appellants contend that, if they are unsuccessful, respondent should be required to contribute to the costs of the suit which made this fund available. As stated before, the first action was against Rodine alone. George had the fifteen hundred dollars in his possession. If Rodine had wanted him to contribute to the defense of the action he could have made him a party defendant. We agree with the appellants that it appears unjust that respondent should receive one half of the earnest money without contributing his share of the expense, but we cannot make a new contract for the parties. In *Haynes v. John Davis & Co.*, 22 Wn. (2d) 474, 156 P. (2d) 659, we said: "The respective interests of the principal and agent in any forfeited earnest money payment may be apportioned in any way that the parties agree. The money could be equally divided between them; one party might receive one third and the other two thirds; or the division might be made in any other proportion."

It should be remembered that *Merlin v. Rodine, supra,* was an action on the same written contract which is being considered here. In that case, upon Rodine's appeal, we reversed the trial court because it admitted parol evidence to vary the terms of the written contract. We said: "We have consistently held that we cannot, upon general considerations of abstract justice, make a contract for the parties that they did not make for themselves." That statement applies with equal force to the situation in this case.

The judgment is affirmed.

ROBINSON, MALLERY, GRADY, and HAMLEY, JJ., concur.